Please rise. The score is now in session. Please be seated. Thank you. Madam Clerk, please call the next case. 3-0-8-0-8-0-4. Equal Interstate of Illinois Ambulee by Judith Kelly v. John Hill. Mr. Fisher, you may proceed. Thank you, Your Honor. May it please the Court, Counsel, representing the defendant in this case, Sean Hill. In 1995, Mr. Hill was charged with various criminal offenses, but the judge found that he was unfit at that time to proceed to trial. It was therefore directed that he receive treatment from the Department of Human Services. Some period of time after that, it was determined that he could not be restored to fitness within one year. The circuit judge then held a discharge hearing in which he basically heard the evidence that would have been presented had the case proceeded to trial. At the conclusion of the discharge hearing, the judge found Mr. Hill not guilty by reasons of insanity and further found that he was in need of inpatient mental health treatment. And so he remanded him to the custody of the Department of Human Services. And that all occurred the year 2000. At the end of 2007, the authorities at the Elgin Mental Health Center, where Mr. Hill was being treated, determined that he progressed to the point where he could be conditionally released to a type of halfway house and receive drug and alcohol treatment. Now, the record indicates he had been conditionally released at one time some years previously, had violated his release, had been brought back into the Department of Human Services. But in early 2008, he was released once again, again under certain conditions. After a few months there, he was given a pass to be out for 24 hours to visit his family. But unfortunately, he did not return when he was supposed to to this halfway house. Ultimately, the authorities tracked him down and the state filed a petition to revoke his conditional release based on the fact that he did not return when he was supposed to, also based on the fact that he had relapsed with drugs and alcohol and had stopped taking his medication. Now, counsel was appointed to represent Mr. Hill and the judge conducted a two-part hearing. First part to determine whether, in fact, he violated his conditional release. Second part to determine even if he did violate his conditional release, should he be released once again or should he be sent back to the Elgin Mental Health Center? The judge found that he violated his conditional release and that he was in need of further inpatient mental health services and therefore ordered that he be remanded to the Department of Human Services. And it is this order by the circuit judge which Mr. Hill is appealing and he makes two arguments on appeal. His first argument is that the state did not establish by clear and convincing evidence that Mr. Hill was in need of continued inpatient mental health treatment and that the judge's finding that he was in need of inpatient treatment was against the manifest way of the evidence. He therefore asks your honors in issue one to direct that a suitable placement be found for Mr. Hill and that he be released to that placement with whatever conditions the judge may deem appropriate. Alternatively, in issue two, Mr. Hill asserts that in finding that he was in need of inpatient treatment, that the judge used the wrong statutory standard, the wrong criteria. And he therefore asks your honors in the alternative to remand the cause for additional hearing to the circuit court to revisit this issue, reassess this issue in light of the proper statutory standard. In argument, I would like to talk about both of these issues. Now, prior to 2003, the statute provided that an individual in Mr. Hill's position would be in need of inpatient mental health treatment if because of mental illness he was either reasonably likely to inflict harm upon himself or others or because of mental illness was unable to provide for his needs so as to safeguard or protect himself. In 2003, the legislature amended the statute to delete the second provision. And so since 2003, the test has been whether due to mental illness, the individual is reasonably likely to inflict harm upon himself or others. Now, at the revocation hearing, I should mention, I think I made it clear in the brief, but I should mention here today that Mr. Hill is not disputing the judge's finding that he violated his conditional release. He accepts that finding by the judge. He only questions whether he needs to be in the Department of Human Services or whether he should be conditionally released once again. Now, at the revocation hearing, the judge heard testimony from two experts, two doctors, one called by the state, one called by the defense. Neither expert testified that Mr. Hill was reasonably likely to inflict harm upon others. And in fact, at the conclusion of the hearing, the judge made a finding that he was not dangerous to others. At the same time, neither expert testified that he was reasonably likely to inflict harm upon himself. In fact, the defense expert specifically stated that he was not reasonably likely to inflict harm upon himself. Both experts did nonetheless testify that, in their opinions, he should be remanded to the Elgin Mental Health Center because he had difficulty with drugs and alcohol, and it was kind of a vicious circle. He would either relapse on drugs and alcohol and then stop taking his medication, or he would stop taking his medication, would relapse on drugs and alcohol, and that when he was using drugs and alcohol, he would find himself in a position where he would be vulnerable to outside influences and might find himself in a position where harm or danger might befall him. Now, at the conclusion of the hearing, the judge again stated he was not reasonably likely to harm anybody else, but he felt he was in need of further treatment because he was reasonably likely to inflict harm upon himself or was unable to care for and protect himself. Again, the second issue talks more about the fact that the judge's alternative finding is no longer part of the statute, and that was error on the judge's part. With respect to the judge's finding about a reasonable likelihood that he would inflict harm upon himself, Mr. Hills admits the testimony simply did not support such a finding. At most, what the testimony showed is that because of mental illness, he was unable to provide for his basic needs and protect or safeguard himself from harm, but again, that's no longer a part of the statute. Mr. Hills admits that apparently what the legislature intended with respect to likelihood of inflicting harm upon oneself was really an affirmative act, whether it be suicide, whether it be cutting oneself, intentionally inflicting injury upon oneself, that finding oneself in a position because of drugs or alcohol where harm might befall himself, that sort of might come to him that is simply not the same as inflicting harm upon himself. Do we have any cases that interpret it that way? Unfortunately, I've been able to find very little case law. The case law, it seems to me, simply recites the standard. What about the legislative history when this was changed, this language changed? I have not found any specific comments by the legislature. I think, though, the amendment was probably intended by the legislature really to bring Illinois in accordance with the United States Supreme Court case law, the cases in the Supreme Court where individuals have been involuntarily committed because of mental illness and the Supreme Court has recognized that there's a loss of liberty there and therefore there must be due process protections, and the Supreme Court has stated that for an individual to be involuntarily committed, there must be mental illness and dangerousness. Again, the question comes with infliction of harm. I think dangerousness connotes intentional infliction and affirmative infliction, affirmative conduct by the defendant rather than finding himself in a situation where harm may come to him. Now, in making this argument, I think the judge here was really probably trying to do what he thought was best for Mr. Hill. Mr. Hill had some deficits, some mental illness, some coping difficulties, and I think the judge felt that he would probably be in Mr. Hill's interest to be in a structured environment and not to be on his own, but the problem is the judge is really bound by the statute, by the language in the statute. Prior to 2003, the judge's alternative finding might have been sufficient based on the testimony of the experts, but given the change in 2003, the defendant submits that the only basis that would be appropriate, the reasonable likelihood that he would inflict harm, and again, no judge found he wouldn't inflict harm on others, but the only legitimate basis here would have been inflicting harm upon himself, and I think the testimony just did not support that finding, and that's why Mr. Hill argues that the judge's finding was against the manifest way to be evidence and that Mr. Hill should be conditionally released once again. In the alternative, as I've stated, Mr. Hill argues that the judge used the wrong standard. Now, the state concedes that point on appeal, but argues the error was harmless because the judge found two different bases, and so as long as one of the bases was good, the fact that he found an additional basis that no longer was appropriate based on the law was harmless. Now, of course, the defendant has argued that the reasonable likelihood basis was not proper based on the evidence, but I think the problem with the state's argument here is that the judge did not find two bases, one and two, but rather he found either basis one or basis two. The transcript shows him stating that at the conclusion of the hearing, Mr. Hill needed to be remanded to the Elgin Mental Health Center because he was reasonably likely to inflict harm upon himself or was unable to care for and protect himself. Because of the either-or analysis, I don't think the court can be convinced that the judge's reasoning was appropriate or that the error in citing that alternative basis was harmless. Defendants admits it could not have been harmless because of the way the judge phrased it, and that's why in the alternative, if your honors reject the argument that Mr. Hill should be released, you would ask your honors to send this back to the judge to allow the judge to reassess his determination in light of the current post-2003 statute, the appropriate statutory standard and criteria. Mr. Fisher? Yes. The statute says inflict physical injury on himself, and you said that that means things like committing suicide or stabbing himself or otherwise doing something overt like that. Are there any cases that interpret physical injury in a less dramatic sort of way? Unfortunately, Your Honor, I have found no case law. The case law cites the standard, and there may be more recent case law that I haven't come across, but I have not found anything specific. So that not taking his medication and whatever physical ramification there is of that would not, at least under your argument, be considered a physical injury? Frankly, Your Honor, I've wondered myself if an individual takes illicit drugs, obviously there's the possibility, and they're illegal, but there's the possibility that that could cause harm. Is it possible that the legislature might have considered the taking of illicit drugs to be the infliction of harm? The statute, in talking about conditional release, and I don't think it sets forth an exclusive list of conditions that the judge may apply, but it does talk about some of the common conditions that the judge might impose in conditionally releasing an individual, and it specifically talks about ordering drug and alcohol treatment. Now, my interpretation of that is that if drug and alcohol treatment is a common condition of conditional release, there's the recognition, well, a person would apparently be, presumably be in need of such treatment because there's the history of them taking such substances and the fear that without treatment they may take those substances again in the future. If there's that fear that they may take those substances, but yet they can still be conditionally released, I think that would be inconsistent with the determination that by taking those substances, they would be inflicting harm upon themselves because that would be a reason that they should not be released. Well, you still have the statute to contend with, and it has to be serious. That's true. The statute does talk about serious physical harm. It's not just any harm. That's true. And even the experts who testified here did not say that, well, we think taking the drugs would qualify as an infliction of self-harm. Again, one of the experts, the defense expert, although he thought the defendant should be continued to get inpatient treatment, although he talked about the danger of him relapsing on drugs and alcohol, he didn't say that he felt that that by itself would be causing him serious physical harm. He felt that because if he did that, he would come into contact possibly with drug dealers or other unsavory individuals and might find himself in a situation where thereby harm would befall him. So really when it comes down to the ordinary layman is, you know, what role do we have in protecting someone from themselves? Is that correct? I think that's correct, Your Honor. Now, the statute does still talk about whether there would be a benefit to the defendant from inpatient treatment, but it links that benefit with the reasonable likelihood of inflicting harm on oneself or others. It's not an either or. Well, if the judge finds that you're likely to inflict harm or find that you would receive some benefit for treatment, then that allows the judge to order inpatient treatment. The language of the statute says if the judge finds that due to mental illness, the individual is likely to, reasonably likely, to inflict serious physical harm upon himself or others and would benefit from treatment. So if we were to parse this record, we would find testimony from the experts that he would benefit from inpatient care, but your argument at its core is that so be it. There's nothing in the record to say that he will be inflicting serious physical harm upon himself. That's correct, Your Honor. That's the defendant's argument and interpretation of the testimony, and therefore, under the circumstances, the judge really had no alternative but to order conditional release again, again, with whatever conditions the judge may deem appropriate upon the finding of a suitable placement for Mr. Hill. And also, are you not suggesting that because the illicit use of illicit drugs, per se, is not necessarily serious physical harm upon oneself because a conditional release would be treatment for the use of those drugs? Yes. Which implicitly suggests that the use of the drugs is not a requirement for incarceration. Correct. Unless a criminal charge is brought for possession. Yes, Your Honor. What about not taking medicine that's required? Does that fall under physical harm? Your Honor raises an interesting question. Again, the experts, particularly the state's experts, one of the doctors at Elgin Mental Health, testified that taking medication was a very important part of Mr. Hill progressing and being a healthy individual. And the fear she expresses is that if he didn't take his medication, then his mental illness might come more to the forefront and he might unfortunately have a relapse of drugs and alcohol. She talked, I guess, more about the mental aspect of it more than the physical aspect. It did not specifically indicate that if he didn't take his medication that he would suffer serious physical harm. And the defendant goes back to the language in the statute. And Mr. Hill's interpretation that that would not be sufficient under the statute. Well, it really comes down to it's not illegal to be crazy. It's just what the effect of that craziness is, right? In layman's terms. That's right. Yes. Okay. Thank you, Your Honors. Thank you, Mr. Fisher. Ms. Kelly, you may proceed. Thank you. Hey, Ms. Foreman. May it please the Court, Counsel, I don't have much to add because I think Mr. Fisher was able to respond to your questions and bring out both sides. We acknowledged in the brief that all the parties below, including the trial judge, were unaware that the standard had been changed and that the involuntary admission standard was no longer the proper standard. However, the doctor, particularly, as he said, the defense expert doctor testified that his concern was that this was not the defendant's first conditional release. He'd been released before, a conditional release to Hallstatt House. He had violated those conditions and was kept on conditional release and sent to a second residential treatment facility, Rosencrantz. And then he violated that release and was back at Elgin Mental Health Center. So this was actually the third placement that Elgin was able to find for him in Steger House. And there's a reference in the record from the Elgin doctor that those placements were all residential treatment facilities to treat not only the mental illness but also the drug and alcohol and substance abuse because he had a history of both either stopping his psychotropic medication and then taking up with illegal drugs again or, what happened this time, he started using illegal drugs while he was at Steger House and then didn't come back to Steger House and then stopped taking his psychotropic medications. So she saw that as a cycle. Well, don't we have a little question here, Elaine, that we're using? Okay, a violation of conditional release that we're using. Okay. Incarceration as a punishment. This is not incarceration. This is commitment. The defendant was found not guilty by reason of insanity. Well, let's say deprivation of liberty. Okay, deprivation of liberty. Again, because the defendant was found not guilty by reason of insanity of these class X offenses. Right, but he's being deprived of his liberty when he violates conditional, these conditions. If he both violates it and will only be deprived of his liberty if he's found to be in need of inpatient mental health treatment. Right. The judge could have continued. And we have to find him in need of inpatient based upon these factors, correct? Based upon the, yes, reasonably likely that he will inflict serious physical harm upon himself. Okay. Is there anything in this record that a person could come in evidence that the drugs that he had been using when he relapses causes serious physical harm? No, nobody has stated that in this record, although that's certainly an interpretation that one could take, because if he's using, I believe the doctor at Elgin, Dr. Creamy, said that he told her that while he was on his conditional release, he was using alcohol, cocaine, and marijuana. And certainly individually and in concert, particularly cocaine, can cause serious physical harm to himself. But she did not specifically voice those concerns. How about if he smoked cigarettes? That did not come up. Okay. And we don't know that he does smoke tobacco. Well, but what I'm saying is that are we just taking judicial notice without any evidence? No, that's not what the people were arguing. The people were arguing that Dr. Hillman's testimony, that when he's on conditional release and then is using drugs, he is obtaining drugs. And he's obtaining drugs which are illegal by immersing himself in the criminal review. He has, you know, mental deficits. He's vulnerable. And Dr. Hillman's concern was that when he was out and using drugs, he was obtaining drugs, possibly dealing or selling drugs, and involved with people who would be perhaps committing crimes to obtain drugs. And therefore, because he had not yet internalized the substance abuse education he had gotten, both as an inpatient and somewhat as an outpatient, he could be involved. Well, yeah, that's all well and good as a caretaking function, I suppose, of society. But we have a statute here that the legislature seems to not incorporate. By its clear language, that caretaking function. That's correct. They have changed the statute. So people were not arguing that the very fact that he took illegal drugs made him reasonably likely to inflict serious harm, serious physical harm upon himself. The people were resting on Dr. Hillman's testimony that his involvement then in the criminal review to obtain the drugs, and given his vulnerable mental health status, made him vulnerable to harm, serious physical harm to himself. That was the testimony that the people are relying on. Right. In part because the parties below didn't realize the standard had changed and spent a good bit of time on the involuntary admission standards and why he couldn't drive his own basic needs, the standard that's no longer available in this situation. Do you think the record needs to be a better record under the new statute? I think it would have been a better record if they had realized there was only that one crime. But also, this record is nearly two years old now. This hearing occurred in 2008. And therefore, he said two more years of Elgin. I think the record would necessarily change based on that. And for all we know, I don't know. Perhaps he's filed a new petition for conditional release. I don't know. Do we know he's still at Elgin? I do not know. I did not check. We rarely do in these cases. He's still at Elgin. Okay. Oh, okay. I did not know. But it has been the passage of nearly two years since the entry of the order and the examinations by the doctors and then the testimony. But the one crime the trial judge did find was the same crime as in the new statute. Yes. All they did was delete the second portion. So, yes. And I believe in his finding. He, again, goes over the harm. I think he found that both crimes were shown. But opposing counsel is saying that finding of infliction of serious physical harm is really not consequential of his condition. I mean, I think opposing counsel is saying that as we look at that, expected to inflict means self-infliction. And, in fact, Dr. Hillman did specifically say that he did not think that was reasonably likely. I don't think the judge felt that that was all, the only context in which he could consider the physical harm, though. The judge's findings at the end, the court cannot look at this issue in a vacuum with his mental illness and whether or not he's able to function in the outside world. At this stage of his progress in treatment, Dr. Hillman, in fact, cited four factors in his testimony as to a description as to how he could be in a position to harm himself if he was not inpatient, if he was left out. Potential for the use of drugs, potential for dealing, selling, or carrying drugs, the potential for related criminal conduct related to drugs, that sort of thing, and the rough crowd factor to relapse in an environment that he might likely put himself into if he were out. Those are part of the judge's findings. So I think that was his finding on the serious physical harm. Could you make an argument under that finding, under that evidence, that the potential to actually deal drugs, drugs could be serious infliction of harm upon others? The people did not make that argument, and I did not make that argument. And I think the judge made a finding that there was no reasonable, that they had not shown a reasonable likelihood of the infliction of serious physical harm upon others. But it could be argued. I suppose it could be, yes. I think it could be. But to some extent, perhaps, as your earlier question, tobacco use could be as well, and that is not illegal. So the people had not made that argument, but if the court wants to make that argument, it would be interesting. Anything further? I have nothing further. Okay. I don't believe we have any further questions. Thank you. Thank you. Mr. Fisher, you may reply. Thank you, Your Honor. I want to call for a brief second as we respond to a question or comment Your Honor just made. There's nothing in this record showing that during this conditional release that Mr. Hill actually did sell drugs. I think here the experts perhaps were envisioning what might possibly happen and part of that was their job here. But there's no specific showing that he actually did sell drugs or actually did inflict harm on anyone. Well, that wouldn't be the standard in the statute that they'd have to show that. It's only that there's a reasonable expectation. That's true. But you're saying the evidence would not support that inference. Right. And the judge specifically said that he found that there was no reasonable likelihood that he would inflict harm on others and neither of the experts testified otherwise. Does Your Honor have questions? That's all I have to say. No, I don't believe so. Thank you, Your Honor. Thank you, Counsel. Both for your fine arguments in this matter this morning. It will be taken under advisement. The written disposition shall issue. The court will stand in recess until subject call or concluded. Thank you. This court is now adjourned.